State, ex rel. Davis, v. Farmers & Merchants Bank.

---

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V. FARMERS & MERCHANTS BANK OF MORRILL.
NATIONAL SURETY COMPANY OF NEW YORK, APPELLANT, V. FARMERS & MERCHANTS BANK OF MORRILL ET AL., APPELLEES.

FILED DECEMBER 31, 1925.   No. 24429.

Case Followed.   The principles of law applicable in this case are announced in *State v. State Bank of Gering, ante,* p. 213, and will not be reiterated.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Reversed, with directions.*

*Honnold & Clark* and *J. M. Fitzgerald,* for appellant.

*C. M. Skiles* and *Mothersead & York, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

In the receivership of the Farmers & Merchants Bank of Morrill, Nebraska, the National Surety Company of New York filed its claim and asked that it be allowed as a preferred claim and paid out of the depositors' guaranty fund.

218          NEBRASKA REPORTS.          [Vol. 114

State, ex rel. Davis, v. Farmers & Merchants Bank.

The trial court refused to allow the claim as one payable out of the guaranty fund, but allowed it with some deduction as a general claim against the bank. From this judgment the claimant appeals.

The facts are not in dispute. The record shows that on June 15, 1921, the Farmers & Merchants Bank of Morrill, as principal, and the National Surety Company of New York, as surety, executed and delivered to the county of Scotts Bluff a bond in the sum of $10,000. Generally speaking, the provisions of the bond were to indemnify the county against the loss of money deposited in the bank by the county treasurer in excess of 50 per cent. of the paid-up capital of the bank; that the bank would pay interest at 2 per cent. on the amount of the deposits, based on the average daily deposits, and would repay the entire sum deposited upon written demand of the county treasurer.

. During the term of the bond, and on August 16, 1922, the bank failed and a receiver was duly appointed to wind up its affairs. At the time of the failure of the bank, the treasurer of Scotts Bluff county had on deposit in the bank $14,722.26 belonging to the county, of which some $1,097.26 was in excess of 50 per cent. of the capital of the bank and was money protected by the bond. The county treasurer filed a claim with the receiver for the entire amount on deposit and asked that the claim be allowed as a preferred claim and paid out of the guaranty fund. On March 19, 1923, the court allowed the claim to the extent of $13,625 as a preferred claim and ordered it paid out of the guaranty fund. As to the balance, $1,097.26, the court deferred judgment till further date. Thereafter on February 5, 1924, the county treasurer, in writing, demanded of the surety company the amount for which it was liable on the bond, and thereupon the surety company paid to the treasurer $1,378.90 and received from the treasurer an assignment whereby he sold and assigned to the surety company the sum of $1,378.90 on deposit in the bank and subrogated the surety company to his rights and remedies against the bank with respect to said sum.

Laf Ferry v. Chicago, B. & Q. R. Co.

Thereupon the surety company filed its claim with the receiver for $1,378.90, based upon the assignment, and asked that it be allowed as a preferred claim and paid out of the guaranty fund. The trial court denied the claim as a preferred claim payable out of the guaranty fund, but allowed the same as a general claim to the extent of $1,097.26.

It will be noted that after the allowance of the claim, filed by the county treasurer to the extent of $13,625, there remained in the bank on deposit $1,097.26 which the county treasurer was entitled to have paid out of the guaranty fund. Instead of collecting it himself, he assigned his rights to this fund to the surety company. He could not assign a greater amount than was owing to him by the bank. The guaranty fund was not liable for more than was on deposit at the time the bank failed.

The facts above outlined are in all essential particulars the same as those in *State v. State Bank of Gering, ante,* p. 213, and the principles of law announced in that case are decisive of the questions presented in the case now before us. It is unnecessary to repeat the legal propositions involved, but reference is made to that case.

From what has been said it follows that the claimant is entitled to have its claim allowed for the sum of $1,097.26 as a preferred claim, and that it be paid out of the guaranty fund.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment conforming to the views expressed in this opinion.

REVERSED.